| | |
|---|---|
| 1 | BENJAMIN B. WAGNER |
| | United States Attorney |
| 2 | DONNA L. CALVERT |
| | Acting Regional Chief Counsel, Region IX, |
| 3 | Social Security Administration |
| | THEOPHOUS H. REAGANS CSBN 189450 |
| 4 | Special Assistant United States Attorney |

333 Market Street, Suite 1500
San Francisco, California 94105
Telephone: (415) 977-8936
Facsimile: (415) 744-0134

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**,

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| JUAN ANTONIO MORENO, | CASE NO. 2:11-CV-02454-CSA |
| Plaintiff, | **STIPULATION AND ~~PROPOSED~~ ORDER SETTLING ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)** |
| vs. | |
| MICHAEL J. ASTRUE, | |
| Commissioner of Social Security, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of SIX THOUSAND NINE HUNDRED DOLLARS ($6,900.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees, expenses and costs to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses and costs to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees, expenses and costs are subject to any

1

Stipulation and Proposed Order Settling Attorney's Fees Pursuant To The Equal Access To Justice Act, 28 U.S.C. § 2412(d)

offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees, expenses and costs is entered, the government will determine whether they are subject to any offset.

Fees, expenses and costs shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Harvey P. Sackett, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, expenses and costs, and does not constitute an admission of liability on the part of Defendant under the EAJA.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses and costs in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

Respectfully submitted,

Dated: June 3, 2013         */s/ Ann M. Cerney*
                            ANN M. CERNEY
                            Attorney for Plaintiff
                            [as authorized by telephone]

Dated: June 3, 2013         BENJAMIN B. WAGNER
                            United States Attorney
                            DONNA L. CALVERT
                            Acting Regional Chief Counsel, Region IX
                            Social Security Administration

                       By:  */s/ Theophous H. Reagans*
                            THEOPHOUS H. REAGANS
                            Special Assistant U.S. Attorney

                            Attorneys for Defendant

1 **ORDER**

2   APPROVED AND SO ORDERED:

3

4  Dated: June 7, 2013

5  _____
6  CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

3

Stipulation and Proposed Order Settling Attorney's Fees Pursuant To The Equal Access To Justice Act, 28 U.S.C. § 2412(d)